IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TELICIA SMITH, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:17-CV-2107-K-BK |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMEDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b)(1)(B)&(C), this case was referred to the undersigned for pretrial management. The Court now considers Defendant's *Motion to Dismiss*. Doc. 5. For the reasons that follow, the motion should be **GRANTED**.

**A. Procedural History**

Plaintiff filed this action in state court, seeking to avoid an impending foreclosure sale on her home. She asserts that Defendant (1) violated federal regulations and the Real Estate Settlement Procedures Act ("RESPA") by not notifying her within 30 days of receipt of her loan modification whether that option was available to her, and, if her request was denied, the specific reasons therefore; and (2) was liable for negligent undertaking should no contractual relationship be found to exist between the parties. Doc. 1-1 at 12-14. Defendant removed the action to this Court, Doc. 1, and filed the instant *Motion to Dismiss*, Doc. 5.

**B. Applicable Law**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Id.* at 572. In order to overcome a Rule 12(b)(6)

motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

### C. Parties' Arguments and Analysis

*1. Effect of Prior Loss Mitigation Application*

Plaintiff alleges in her complaint that Defendant violated 12 C.F.R. § 1024.41(c) by failing to timely complete her loan modification review and notify her of the decision before initiating foreclosure proceedings. Doc. 1-1 at 12-13. Defendant asserts that dismissal of this claim is warranted because a loan servicer is only required to comply with section 1024.41 for a single complete loss mitigation application, and Plaintiff has not pled that the application at issue was her first. Doc. 6 at 4 & n.13 (citing 12 C.F.R. § 1024.41(i)). In that vein, Defendant

requests that the Court take judicial notice of another case in which this court found that Plaintiff previously was granted a loan modification. Doc. 6 at 4 (citing Doc. 7-1 at 3-7; Doc. 7-1 at 22-23) (*Christopher Starling and Telicia Ann Smith v. JPMorgan Chase Bank, N.A.*, Case No. 13-CV-777-M-BN at Doc. 14 (stating that the court considered Plaintiffs' loan modification agreement in recommending dismissal of Plaintiffs' complaint), *adopted by Starling,* Case No. 13-CV-777-M-BN at Doc. 17).

Plaintiff responds that section 1024.41 does not state that the loss mitigation application has to be the *first* application, and because section 1024.41 became effective in January 2014, after Plaintiff's loan modification in December 2010, the prior modification does not count as a "single complete loss mitigation." Doc. 12 at 3-4. In reply, Defendant asserts that section 1024.41 does not limit the "single complete loss mitigation" requirement to applications that post-date the effective date of the section. Doc. 13 at 1-2.

Until the rule was amended, the pertinent regulation provided that "[a] servicer is only required to comply with the requirements of [12 C.F.R. § 1024.41] for a single complete loss mitigation application for a borrower's mortgage loan account."[1] 12 C.F.R. § 1024.41(i). Some district courts have found that loan modification applications submitted prior to the effective date of this provision count toward the "single application" limitation set forth in section 1024.41(i).

---

[1] Following the amendment of Rule 1024.1(i), which took effect in October 2017, the relevant provision states as follows "Duplicative requests. A servicer must comply with the requirements of this section for a borrower's loss mitigation application, unless the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application." 12 C.F.R. § 1024.41(i) (effective Oct. 19, 2017). This provision does not apply retroactively, however. *See Gresham v. Wells Fargo Bank, N.A.*, 642 Fed. App'x 355, 358 (5th Cir. 2016) (holding that the rules codified in 12 C.F.R. §§ 1024, *et seq*. do not apply retroactively) (citation omitted).

*See Bobbitt v. Wells Fargo Bank, N.A.*, No. H-14-387, 2015 WL 12777378, at *3 (S.D. Tex. May 7, 2015) ("The plain text of 12 C.F.R. § 1024.41 does not require compliance with 12 C.F.R. § 1024.41 for multiple loss mitigation applications . . .Therefore, because [Plaintiffs] applied for and were given a loan modification by Wells Fargo in 2012, Wells Fargo is not required to comply with the requirements of 12 C.F.R. § 1024.41 in regards to [Plaintiffs'] June 6, 2014 loss mitigation application."); *Allen v. Wells Fargo Bank, N.A.*, No. 16-CV-0249-D, 2017 WL 3421067, at *4 (N.D. Tex. Aug. 9, 2017) (Fitzwater, J.) ("under § 1024.41(i), '[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account,' even if the borrower's prior application was made before the regulation took effect on January 10, 2014.").

However, the majority of courts that have addressed the issue have concluded that a loss mitigation application filed before the effective date of section 1024.41 does not count towards the "single application" limitation.  *See Parris v. Nationstar Mtg. LLC*, No. 15-CV-0200-K-BK, 2017 WL 3951906, at *2-3 (N.D. Tex. Aug. 18, 2017) (Toliver, J.), *adopted by* 2017 WL 3911759 (N.D. Tex. Sept. 6, 2017) (Kinkeade, J.); *Searcy v. Citimortgage, Inc.*, No. 14-CV-02744-P, 2015 WL 11120981, at *4 (N.D. Tex. Sept. 16, 2015) (Solis, J.) (holding that loan servicer was required under section 1024.41 to consider plaintiffs' loss mitigation application, notwithstanding previous loan modification application before regulation took effect); *see also Schroeder v. Nationstar Mtg., LLC*, No. 16-1651-RAJ, 2017 WL 2483248, at *2 (W.D. Wash. June 8, 2017) (holding that it would be unreasonable to conclude that defendants could have complied with section 1024.41(i) before the regulation took effect); *Billings v. Seterus, Inc.*, 170 F.Supp.3d 1011, 1015 (W.D. Mich. 2016) ("Defendant could not possibly have 'compl[ied] with the requirements of [12 C.F.R. § 1024.41] for a single complete loss mitigation application for

4

[Plaintiff's] mortgage loan account' at a time when the statute did not exist and the term 'complete loss mitigation application' was not defined."); *Dionne v. Fed. Nat'l Mortg. Assn.*, No. 15-CV-56-LM, 2016 WL 6892465, at *4 (Nov. 21, 2016) (holding that a loan servicer must comply with the requirements of section 1024.41(i) at least once after the January 2014 effective date of the regulation regardless of whether the servicer evaluated a borrower's prior loss mitigation application prior to that date); *Garmou v. Kondaur Capital Corp.*, No. 15-12161, 2016 WL 3549356, at *3 (E.D. Mich. June 30, 2016) (same); *Bennett v. Bank of Am., N.A.*, 2016 WL 2610238, at *4 (M.D. Fla. May 6, 2016) (same). *Bennett v. Bank of Am. N.A.*, 126 F. Supp. 3d 871, 884 (E.D. Ky. 2015) (same). The undersigned adopts the majority view. Accordingly, because Plaintiff's prior loss mitigation application predated the effective date of section 1024.41, Defendant's motion to dismiss on this basis should be **DENIED**.

*2. Whether Plaintiff Has Adequately Alleged Damages*

Defendant's next argument, in its entirety, is that "Plaintiff failed to allege any facts to support the unsubstantiated claim that she has suffered actual damages."  Doc. 6 at 4 (citation omitted).  Plaintiff pled in her complaint that she "expended significant time trying to obtain the requested information and estimates she has missed work and/or incurred expenses in the approximate amount of $3,500.00."  Doc. 1-1 at 11.  She asserts, in response to Defendant's argument, that actual damages can include lost time and inconvenience, such as time spent away from employment while preparing correspondence to the loan servicer.  Doc. 12 at 4 (citing *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1366 (S.D. Fla. 2009) (citations omitted), *aff'd*, 398 Fed. App'x 467 (11th Cir. 2010)).

RESPA limits the recovery of actual damages to those that result from a lender's failure to comply with the statute, as well as the costs incurred by a borrower.  12 U.S.C. §§

2605(f)(1)(A), (f)(3). Here, however, Plaintiff does not assert that she incurred any actual damages as a result of Defendant's failure to timely notify her about whether she could modify her loan, which is the sole RESPA violation she alleges in her complaint. Doc. 1-1 at 12-13. She avers only that she suffered damages due to the time it took her to obtain information Defendant requested. That is insufficient. *See Law v. Ocwen Loan Servicing, LLC*, 587 Fed. App'x 790, 795 (5th Cir. 2014) ("Because [the plaintiff] alleged no facts upon which his injuries could be viewed as resulting from [the defendant's] failure to provide him with notice under RESPA, we conclude that the district court correctly dismissed his claim."); *Hurd v. BAC Home Loans Serv., LP*, 880 F.Supp.2d 747, 768 (N.D. Tex. 2012) (Lynn, J.) (adopting magistrate judge's recommendation that RESPA claim be dismissed where plaintiff failed to "alleg[e] any facts giving rise to a reasonable inference that she suffered actual damages from the alleged violation of . . . RESPA.").

Accordingly, because Plaintiff has failed to plausibly allege that she suffered actual damages as a result of Defendant's alleged violation of section 1024.41, her claim should be dismissed. Nevertheless, Plaintiff requests leave to amend her complaint if the Court finds that any of her claims are deficient.[2] Doc. 12 at 5. Because (1) the Court cannot find at this juncture that Plaintiff will not be able to state a claim for damages and (2) Plaintiff has not previously amended her complaint, it is recommended that she be given leave to do so.

---

[2] Plaintiff also states in her response to Defendant's dismissal motion that she will amend her complaint to dismiss her negligent undertaking claim. Doc. 12 at 5. Accordingly, the Court need not address that cause of action.

### D. Conclusion

For the foregoing reasons, it is recommended that *Defendant's Motion to Dismiss*, Doc. 5, be **GRANTED**. If, within 21 days of the District Judge's Order accepting this recommendation, Plaintiff fails to amend her RESPA claim to cure the deficiency noted herein, at the re-urging of Defendant, that claim should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 23, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE